Memorandum: The question involved relates to the ownership of $5,900 in paper currency locked in a cedar box found in a trunk of the deceased following his death. The cedar box, to which the plaintiff had the key, contained in addition to the $5,900, other property of both the decedent and the plaintiff. Over objection of the defendant, the trial court permitted plaintiff to testify, subject to be stricken out later if deemed incompetent under section 347 of the Civil Practice Act, that he purchased the cedar box in question at the time of the banking holiday in 1932; that thereafter and from 1932 until the death of the decedent in 1945, he placed all his savings in said box, together *822 with two withdrawals from two savings bank accounts, and that the $5,900 represented said withdrawals and all his savings during that period. Plaintiff also testified that some three months prior to decedent’s death, he placed the cedar box in decedent’s trunk to which plaintiff did not have the key. Motions to strike out this testimony were made and decision thereon was reserved. Thereafter and at the time of the decision of the action, the trial court struck out all of the testimony given by the plaintiff relating to the purchase of the cedar chest, the subsequent deposit of his savings in that chest and his placing of the chest in decedent’s trunk, as well as the testimony relating to plaintiff’s claim to the money following decedent’s death and on the occasion of the opening of decedent’s trunk. The testimony was stricken out upon the theory that the placing of the cedar chest in the trunk constituted a personal transaction with the decedent and that plaintiff’s testimony relating to such transaction was prohibited by section 347 of the Civil Practice Act. Appellant contends that such action on the part of the trial court constituted error. Such contention, in our opinion, is not well founded. The action of the plaintiff in placing the cedar box and its contents in the decedent’s trunk to which he had no key, constituted a personal transaction with the deceased within the meaning of section 347 of the Civil Practice Act. The striking out of the testimony relating to such transaction was proper. Without such testimony, the plaintiff cannot recover even if it be held that all the testimony prior to that transaction and the claim asserted by the plaintiff to the money at the time the trunk was opened, was not a personal transaction and should not have been stricken out by the trial court. All concur, MeCurn and Kimball, JJ., in result only, in the following memorandum: We concur in the result. This is a conversion action and the plaintiff has failed generally to prove conversion against the defendant in either his personal or representative capacity. As we construe the decision and the judgment entered thereon, there has been no adjudication as to the ownership of the property in question and the plaintiff is therefore not concluded from pursuing any remedy which he may have under section 206-a of the Surrogate’s Court'Act. (The judgment dismisses plaintiff’s complaint in an action in conversion.) Present — Taylor, P. J., MeCurn, Yaughan, Kimball and Piper, JJ.